Chief Judge Desmond.
I would modify the order appealed from by reinstating the Special Term’s injunction against a 1965 election of legislators under plan A (and to this reinstatement a majority of this court agrees).
*29 To bring the present difficulties to a prompt end, some of us would add to our mandate these additional directions: first, that a Constitutional Convention be held beginning March, 1966 with delegates to be elected at this Fall’s general election; and, second, that, until an election of legislators under a valid districting plan, the presently sitting legislators shall continue to sit, and to vote under an appropriate system of weighted voting.
As we have not hesitated to do in the past (Matter of Moore v. Walsh, 286 N. Y. 552) we must now perform our sworn duty by preventing the holding of an election which violates our State Constitution. The Moore decision (and Matter of Burke v. Terry, 203 N. Y. 293) is flat and compelling authority for the exercise of such power by us and the unconstitutionality of holding an election of legislators under plan A in 1965 is much clearer than was the alleged infringement acted on in Matter of Moore v. Walsh.
Neither Federal supremacy (U. S. Const., art. VI) nor the rules against interference with Federal courts by State courts (U. S. Const., Analysis and Interpretation, U. S. Print. Office, 1964, pp. 709-727) have any application here. I find no binding Federal court order forbidding us to deal with this problem of State government — indeed, the District Court (twice) and the United States Supreme Court itself has suggested or directed that as to State questions the State courts are still empowered to control State elections (see Reynolds v. Sims, 377 U. S. 533, 584). It is impossible to escape the fact that an election of legislators this Fall would violate in at least two respects the positive provisions of our State Constitution—as to elections every two years and as to the number of Assemblymen (N. Y. Const., art. III, § 2; Matter of Orans, 15 N Y 2d 339). Despite those illegalities of “ Plan A” under which a 1965 election is proposed to be held, we would of course be obliged to respect and follow the Federal courts’ orders for such an election this year if those courts had made final and binding orders therefor. To repeat, I have seen no such order. All the previous Federal decisions were based on the assumption that the 1964 or the 1965 Legislature would—neither did—pass a valid legislative districting statute. The May 24, 1965 decision of the Federal three-man District Court did no more than decline to change its previous orders. Obviously and under settled principles, the subsequent *30 denial of a stay by the United States Supreme Court decided nothing. The appeal to that court still pends.
Basically, the question is: shall we obey the positive directions of our own State Constitution in the absence of a controlling decision' elsewhere commanding that an unconstitutional election be held! I answer: “Yes ”. The injunction prayed for must be granted.
The order should be modified, without costs, in accordance with this opinion.